UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN S. BOLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1372-G |
| | ) | |
| THE CITY OF OKLAHOMA CITY, | ) | |
| a Municipal Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On November 17, 2025, Plaintiff Kevin S. Boland filed this civil action, bringing employment discrimination claims against Defendant The City of Oklahoma City. *See* Compl. (Doc. No. 1).

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading by a date certain. *See* Fed. R. Civ. P. 4(c)(1), (m). Plaintiff's deadline to effect service expired on February 16, 2026. *See* Fed. R. Civ. P. 4(m), 6(a)(1)(C). Plaintiff failed to provide proof of service or waiver of service to the Court by that date. Nor had Defendant answered or otherwise indicated awareness of Plaintiff's lawsuit. Accordingly, on March 17, 2026, the Court directed Plaintiff to show cause in writing why his claims against Defendant should not be dismissed. *See* Order to Show Cause (Doc. No. 2).

Plaintiff has filed a Response (Doc. No. 3) requesting additional time to effectuate service, explaining that  that the delay resulted from counsel's need to further research the legal issues involved and to identify the proper legal entity to serve, as well as counsel's

workload.  *See id.* at 2.

A plaintiff's failure to complete proper service upon a defendant within the prescribed time limit is grounds for dismissal of all claims against that party, absent justification for the failure.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Rule 4(m)'s "good cause" provision "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule."  *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (internal quotation marks omitted).  A showing of inadvertence, negligence, mistake of counsel, or the absence of prejudice is insufficient to establish good cause.  *See id.* at 1439; *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).  Plaintiff's Response does not reflect appreciable effort to comply with Rule 4(m) and therefore does not establish good cause for Plaintiff's failure to timely effect service upon Defendant.

Notwithstanding Plaintiff's failure to show good cause, the Court considers whether a permissive extension of time is warranted.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  The Tenth Circuit has noted that a permissive extension of time may be appropriate where a statute of limitations or "policy considerations" "weigh in favor of granting a permissive extension of time."  *Id*. at 842.  In making this determination, the Court must consider whether "the applicable statute of limitations would bar the refiled

2

action." *Id*. at 842 (internal quotation marks omitted).

Here, a potential statute of limitations issue warrants a permissive extension. Plaintiff asserts claims under the Americans with Disabilities Act of 1990 ("ADA"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). *See* Compl. ¶ 3. Dismissal under Rule 4(m) could bar Plaintiff's ability to refile these claims because more than 90 days have now passed since Plaintiff's receipt of a right-to-sue letter from the EEOC. *See id.* ¶ 37; Pl.'s Resp. at 1; *see also* 42 U.S.C. §§ 2000e-5(f)(1), 12117(a); *Scott v. Boeing Co.*, 48 F. App'x 730, 731 (10th Cir. 2002). And Oklahoma's "savings statute," Okla. Stat. tit. 12, § 100, likely would not save Plaintiff's ADA or ADEA claims. *See Brown v. Hartshorne Pub. Sch. Dist. No. 1,* 926 F.2d 959, 961 (10th Cir. 1991) ("When Congress has provided a federal statute of limitation for a federal claim, . . . state tolling and saving provisions are not applicable."), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

The Court therefore finds that Plaintiff is entitled to a permissive extension of time to complete service of this action upon Defendant. *See Espinoza*, 52 F.3d at 842.

## CONCLUSION

Accordingly, Plaintiff's request for an extension of the deadline to effect service upon Defendant The City of Oklahoma City is GRANTED. Plaintiff shall effect service upon Defendant and submit proper proof of service in accordance with Federal Rule of Civil Procedure 4 within fourteen (14) days of the date of this Order.

IT IS SO ORDERED this 13th day of April, 2026.

_____
CHARLES B. GOODWIN
United States District Judge